USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 1 6 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Guardian Life Insurance Company of America,

Plaintiff,

—v—

Premier Wealth Group, LLC &
Stuart Ryan Jaramillo,

Defendants.

12-cv-9099 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

On October 2, 2015, the Court granted default judgment in this case against Defendant Stuart Ryan Jaramillo and his solely-owned limited liability company, Defendant Premier Wealth Group, LLC. Before the Court is Jaramillo's June 27, 2016 motion[1] to vacate the default judgment. For the reasons provided below, the Court denies the motion.

## I. Background

Plaintiff, the Guardian Life Insurance Company of America ("Guardian"), is a New York corporation that sells insurance, retirement services, investment products, and employee benefits programs. Compl. ¶¶ 2, 9 (Dkt No. 1). From approximately 2003 to 2011, Defendants Stuart Jaramillo ("Jaramillo") and Jaramillo's solely-owned limited liability corporation, Premier Wealth Group, LLC ("Premier Wealth"), worked with Guardian at one of Guardian's New Mexico agencies. Compl. ¶¶ 4-5, 10-12. During this time period, Jaramillo worked as a "Career Development Manager," a "General Agent," and a "Career Development Supervisor," while

---

[1] The motion purports to be on behalf of both Jaramillo and Premier Wealth. Mot. at 1 (Dkt No. 51). As explained below, because Premier Wealth remains unrepresented, the Court cannot recognize the motion as it relates to Premier Wealth.

1

Premier Wealth Group was a "Corporate General Agent." Compl. ¶¶ 10-13. Defendants' responsibilities included soliciting applications for Guardian's products, maintaining existing insurance policies, and providing assistance to existing and new policyholders. Compl. ¶ 13.

In connection with this working relationship, Defendants entered into various contractual agreements with Guardian. Compl. ¶ 14. In these agreements, Guardian agreed to loan Defendants money for the operating costs of the New Mexico agency. Compl. ¶ 15. In 2011, Jaramillo terminated his relationship with Guardian with his loan obligations still outstanding. Compl. ¶¶ 20-23. As of September 30, 2012, Defendants allegedly owed Guardian over $600,000. Compl. ¶ 26.

When Defendants failed to repay their loan obligations, Guardian sued. On December 13, 2012, Guardian filed a complaint alleging, *inter alia*, breach of contract. Dkt No. 1. Premier Wealth was served with the summons and complaint on December 19, 2012, and Jaramillo waived service on January 28, 2013. Dkt Nos. 5, 8. An attorney appeared on behalf of the defendants and, after receiving an extension of time, Defendants filed an answer to the complaint on March 22, 2013. Dkt Nos. 3-4, 12-13, 17. On April 3, 2013, Defendants informed the Court that Jaramillo had filed a petition for relief under Title 11 of the Bankruptcy Code. Dkt Nos. 19, 24. The Court accordingly stayed the case pending resolution of the bankruptcy case. Dkt No. 27.

Around the same time, Defendants' attorney filed a motion to withdraw. Dkt No. 21. The motion stated that Defendants no longer had financial ability to pay for their attorney's services. *Id.* at 2. It also explicitly stated that Defendants understood that "[Premier Wealth] will be unrepresented, without the ability to defend itself in this mater, if [the attorney] is

2

permitted to withdraw." *Id.* The Court granted the motion to withdraw, and Defendants at that point became unrepresented. Dkt No. 29.

On April 7, 2015, the Court received a letter from Guardian stating that Jaramillo's bankruptcy petition had been dismissed. Dkt No. 34; *see also In re Jaramillo*, 526 B.R. 404 (D.N.M. 2015). Guardian therefore requested that the case be restored to the active case docket. Dkt No. 34. The Court granted the motion and scheduled an initial pretrial conference. Dkt No. 35. This order once again warned Premier Wealth that it needed to have an attorney file a notice of appearance, as "limited liability companies must be represented by counsel." *Id.* at 2-3. On May 19, 2015, the Court received a letter from Jaramillo in which he acknowledged that he understood that there was a lawsuit against him but nonetheless stated that "the outcome [wa]s out of [his] hands" and that he would not "defend the lawsuit" due to financial constraints. Dkt No. 36. In anticipation of the initial pretrial conference, Guardian filed a letter and proposed case management plan. Dkt No. 38. But in light of Jaramillo's letter and Premier Wealth's continued failure to obtain counsel, the Court adjourned the initial pretrial conference and required the Defendants to file a response to Guardian's proposed case management plan by June 15, 2015. Dkt No. 39. No response was filed, so the Court gave Guardian until July 31, 2015 to file a motion for default judgment. Dkt No. 42.

On July 29, 2015, the Clerk of the Court issued a certificate of default. Dkt No. 43. On August 6, 2015, the Court issued an order to show cause why a default judgment should not be entered, and the Court scheduled a hearing. Dkt No. 44. Defendants did not appear at the default judgment hearing. Accordingly, on October 2, 2015, the Court entered a default judgment in the sum of $673,659.74 plus post-judgment interest against Defendants. Dkt No. 49.

On June 27, 2016, Jaramillo filed a motion to set aside the default judgment. Dkt Nos. 50-53. Guardian opposed the motion. Dkt No. 56. The Court now resolves the motion.

## II. Discussion

As explained below, the Court denies the motion to set aside the default judgment. The Court cannot set aside the default judgment against Premier Wealth because it is unrepresented, and a solely-owned limited liability companies must have counsel to litigate before this Court. With respect to the individual defendant, Stuart Jaramillo, the Court concludes that setting aside the judgment in this case is not warranted because Jaramillo's default was deliberate and because he has failed to assert a meritorious defense.

### A. The Court Construes the Motion as Pursuant to Rule 60(b)

As an initial matter, Guardian argues that the Court should deny Jaramillo's motion because it "is improperly brought pursuant to Fed. R. Civ. P. 55(c)." Opp. at 1 (Dkt No. 56). The Court rejects this argument.

Jaramillo did stylize his motion as one "to set aside entry of default for good cause, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." Dkt No. 50 at 2. Guardian accurately points out that Rule 55(c) does not apply to this action. Rule 55(c) applies only to "an entry of default," while a Rule 60(b) applies to motion to set aside a default *judgment*. Fed. R. Civ. P. 55(c). Here, a default judgment has been entered against the Defendants. Dkt No. 49. Accordingly, Rule 55(c) is inapplicable.

However, Jaramillo is proceeding *pro se*. Documents filed by *pro se* litigants are "to be liberally construed" and "held to less stringent standards." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court will therefore construe the motion as pursuant to Rule 60(b).

4

### B. The Court Cannot Vacate the Default Judgment Against Premier Wealth Because it Remains Uncounseled

The motion purports to seek to set aside the default judgment against both Defendant Premier Wealth and Defendant Jaramillo. *See* Mot. at 1 (Dkt No. 51). Neither defendant is represented; Jarmillo appears *pro se*, claiming to appear on behalf of both himself and Premier Wealth. *Id.* Jaramillo contends that he may represent Premier Wealth because "[c]ourts have recognized that a sole proprietorship may appear pro se." *Id.* at 1 n.1.

The Court disagrees with Jaramillo's contention that he can represent Defendant Premier Wealth. While a sole proprietorship arguably may appear *pro se*, *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007), Premier Wealth is not a sole proprietorship. Rather, it is a limited liability company ("LLC"). The Second Circuit has held that LLCs must be represented by counsel, even when they are "sole member or solely-owned limited liability companies." *Id.* at 139-40 ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."). A "layperson" such as Jaramillo "may not represent . . . a limited liability company of which he is the sole member." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). Because Premier Wealth remains unrepresented, the Court cannot recognize any *pro se* motion purportedly submitted on its behalf and it cannot set aside the default against the company.

### C. The Court Denies the Motion to Set Aside the Default Judgment As to Defendant Jaramillo

Although the Court cannot recognize the motion to set aside the default judgment against Premier Wealth because it remains unrepresented, the Court can recognize the motion as to Stuart Jaramillo, as he is an individual who can proceed *pro se*. The Court must therefore determine if it is proper to set aside the default judgment.

When analyzing a motion to set aside a default judgment, a court should consider three factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (quoting *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004)). However, "[a]n absence of prejudice to the nondefaulting party" does "not in itself entitle the defaulting party to relief from the judgment." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In other words, the Court "has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *Id.* Although "all doubts must be resolved in favor of the party seeking relief from the judgment," the standard for a motion to vacate a default judgment is more "rigorous" than the standard to set aside a mere default. *Green*, 420 F.3d at 104, 109. Defendant Jaramillo bears the burden of proving that vacating the default judgment is warranted. *King v. Galluzzo Equip. & Excavating Inc.*, 223 F.R.D. 94, 97 (E.D.N.Y. 2004) (citing *In re Martin–Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985)). The decision to vacate a default judgment "is addressed to the sound discretion of the district court." *State Street*, 374 F.3d at 166 (quoting *McNulty*, 137 F.3d at 738).

With regards to the first factor, the Court finds Jaramillo's default willful. Although willfulness "requires something more than mere negligence, such as egregious or deliberate conduct," *Green*, 420 F.3d at 108 (citation and quotation marks omitted), a Court need not find that the defendant acted in "bad faith," *Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "Rather, 'it is sufficient' to conclude 'that the defendant defaulted deliberately.'" *Bricklayers*, 779 F.3d at 187 (quoting *Gucci Am.*,

6

*Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998)). Here, Jaramillo clearly defaulted deliberately. He knew about the lawsuit against him, as he hired an attorney who filed a notice of appearance and an answer to the complaint. Dkt Nos. 3-4, 12-13, 17. After his attorney withdrew, Jaramillo wrote a letter to the Court acknowledging that he recognized the pending lawsuit, but stating that he was not going to defend the lawsuit due to financial constraints. Dkt No. 36. Jaramillo made a conscious decision not to defend the lawsuit the first time around, and this supports a finding of willfulness. *See Bricklayers*, 779 F.3d at 186 (finding willfulness when "there [was] no dispute that [the defendant] was aware of the legal action pending against him and his company based on his own admissions and the fact that the corporate defendant requested, through counsel, an extension of time to respond"); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (finding willfulness when the defendant did "not deny that he received the complaint, the court's orders, or the notice of default judgment, or that he never answered the complaint").

As to the second factor, the Court concludes that Jaramillo has failed to meet his burden of demonstrating a meritorious defense. Here, Jaramillo does not contest that he failed to pay back the loans Guardian provided him. *See* Mot. at 2-4. Instead, he alleges that Guardian also acted wrongly by, *inter alia*, "micro-manag[ing]" Jaramillo to the point where it was "impossible" for him to comply with his contractual obligations, violating an agreement that Jaramillo would be given "an exclusive New Mexico market," and misrepresenting the extent to which it would offer Jaramillo and his employees training and would cover certain expenses. Mot. at 2-3; *see also* Dkt No. 52 (declaration reiterating these points). He also simply lists six defenses, such as "fraud in the inducement" and "unfair trade practices," without any elaboration. Mot. at 4. There are two problems with Jaramillo's argument. First, Jaramillo

7

provides no evidence supporting his claims. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present *evidence* of facts that, if proven at trial, would constitute a complete defense." *State Street*, 374 F.3d at 167 (emphasis added) (quoting *McNulty*, 137 F.3d at 740). Jaramillo's "conclusory assertions" in his motion do not suffice to satisfy the meritorious defense requirement. *Bricklayers*, 779 F.3d at 187; *see also Green*, 420 F.3d at 110 ("[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." (citation and quotation marks omitted)). Second, the Court is not convinced that Jaramillo's purported defenses, even if they were supported by actual evidence, would constitute a "meritorious" defense. None of Jaramillo's proffered defenses relieve him of his obligation to repay the loans provided to him by Guardian; they simply assert that Guardian also committed some wrongs. Furthermore, the merger and integration clauses apparently in the contract with Guardian would seemingly bar Jaramillo's reliance on any representations outside the contract itself. *See* Opp. at 12. The Court therefore concludes that Jaramillo has presented insufficient evidence of a meritorious defense.

Because the Court has concluded that Jaramillo's default was willful and that he has failed to meet his burden of showing a meritorious defense, the Court "need not reach the question of whether the plaintiff would suffer prejudice." *Bricklayers*, 779 F.3d at 187; *see also McNulty*, 137 F.3d at 738 ("The district court thus has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense.").

8

## III. Conclusion

For the aforementioned reasons, the Court DENIES the motion to set aside the default judgment.

This resolves Docket Number 50.

SO ORDERED.

Dated: March 16, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

9